FIRST SECURITY BANK OF UTAH NATIONAL ASSOCIATION, a national banking association, Plaintiff and Appellee,

v.

Val J. CONLIN, Tubber T. Okuda, and Roy W. Mallory, Defendants and Appellants.

Val J. CONLIN and Tubber T. Okuda, Cross–Claimants and Third–Party Plaintiffs,

v.

Roy W. MALLORY, Cross–Claim Defendant

and

Maureen Mallory, Third–Party Defendant.

No. 910171.

Supreme Court of Utah.

July 9, 1991.

Dee R. Chambers, Ogden, for plaintiff and appellee.

D. Frank Wilkins, Kenneth M. Hisatake, Salt Lake City, for defendants and appellants, and cross-claimants.

## ORDER OF DISMISSAL

PER CURIAM:

First Security Bank sued the three individual defendants, Conlin, Mallory, and Okuda, for deficiency judgments after repossession and resale of a fleet of ten rental cars. Conlin and Okuda filed a cross-claim against Mallory and joined Maureen Mallory, his wife, as third-party defendant in a third-party complaint.

Both the cross-claim and the third-party complaint contained, inter alia, causes of action for taking possession by stealth of M.C.O., Inc. (the corporation owned by Conlin, Mallory, and Okuda), depletion of assets, incompetence and negligence, and breach of fiduciary duty. Conlin and Okuda claimed the Mallorys were liable to Conlin and Okuda in the event the bank were to be granted judgment against Conlin, Mallory, and Okuda.

The trial court bifurcated the proceedings and set the bank's claim for trial first. After trial to the bench, Conlin, Mallory, and Okuda were held personally liable for

the deficiencies remaining after repossession and resale of the ten-car fleet.

Conlin and Okuda appealed without first having the judgment certified as final under rule 54(b) of the Utah Rules of Civil Procedure. We dismiss the appeal for lack of finality of the judgment.

■ This court has not previously decided whether the final judgment rule, rule 54(b), applies when the trial court, under rule 42(b) of the Utah Rules of Civil Procedure, orders "a separate trial of the claim, cross-claim, counterclaim, or third-party claim." In deciding that issue, we look to the express language of our rules of civil procedure and, to the extent that they are similarly worded, to the federal rules and cases interpreting them.

Rule 13 of the Utah rules governs Conlin and Okuda's cross-claim against Mallory. Rule 13(h) provides:

> **Separate judgments.** Judgment on a counterclaim or cross-claim may be rendered in accordance with the terms of Rule 54(b), even if the claims of the opposing party have been dismissed or otherwise disposed of.

Rule 13(i) of the federal rules is substantially identical to Utah rule 13(h). Although a cross-claim must be related to the plaintiff's claim against the defendants, it "injects a new and for most purposes an independent claim into the proceedings." 3 J. Moore, *Moore's Federal Practice* § 13.38 (2d ed. 1985).

■ Inasmuch as the added claims may complicate trial proceedings or cause prejudice, rule 42(b) gives the trial court discretion to order a separate trial of those claims "in furtherance of convenience or to avoid prejudice." When the trial court grants judgment on the separated claims seriatim, "the grant of separate judgments,

after separation under R. 42(b), where multiple claims are involved, is governed by R. 54(b)."[1] 5 J. Moore, *Moore's Federal Practice* § 42.03 (2d ed. 1985).

■ Similarly, rule 14(a) of the Utah rules allowed Conlin and Okuda to implead Maureen Mallory through a third-party claim. The resulting judgment in the bank's claim adjudicated the rights of fewer than all the parties, and rule 54(b) again applied. "[N]either a prior determination of liability on the third-party complaint, nor a prior determination of liability on the main claim become[s] appealable until the disposition of the whole case." 3 J. Moore, *Moore's Federal Practice* § 14.19 (2d ed. 1985).

We therefore hold that Conlin and Okuda's failure to have the case certified final by the trial court left issues and parties before that court and deprives this court of jurisdiction over the appeal. The case is remanded to the trial court. The trial court may expressly determine that there is no just reason for delay and certify the judgment as final. Thereafter, Conlin and Okuda may renew their appeal.[2]

---

1. But compare *United States v. O'Neil*, 709 F.2d 361 (5th Cir.1983), where certification was not required, as counterclaims had been severed pursuant to rule 21 of the Federal Rules of Civil Procedure and unresolved claims did not exist in the same action. See also *Spencer, White & Prentis, Inc. of Connecticut v. Pfizer, Inc.*, 498 F.2d 358 (2d Cir.1974), for distinguishing between rule 21 and rule 42(b) severances.

2. Although we do not address the question of certifiability under the criteria first articulated by this court in *Kennecott Corp. v. Tax Comm'n*, 814 P.2d 1099 (Utah 1991), we direct appellants' attention to that case.